UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL TORRES, | Case No. CV 15-2957-MWF (RNB) |
| Petitioner, | |
| vs. | ORDER TO SHOW CAUSE |
| D.K. JOHNSON, | |
| Respondent. | |

On or about April 16, 2015, petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein.[1]  The Petition is directed to the sentence petitioner received on May 31, 2011 in Los Angeles County Superior Court following her conviction pursuant to a nolo contendere plea.  Petitioner purports to be making two claims challenging the constitutionality of her sentence based on the California Supreme Court's decision in People v. Vargas, 59 Cal. 4th

---

[1]      The Ninth Circuit has held that the prison mailbox rule applies to a habeas petitioner's state and federal filings.  See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001). Here, although the Petition did not include a proof of service page, April 16, 2015 is the signature date on the Petition and thus the earliest date on which petitioner could have turned the Petition over to the prison authorities for mailing.

1    635, 174 Cal. Rptr. 3d 277, 328 P.3d 1020 (2014).

2         Since this action was filed after the President signed into law the Antiterrorism

3    and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is

4    subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. §

5    2244(d).  See Calderon v. United States District Court for the Central District of

6    California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S.

7    1099 and 118 S. Ct. 1389 (1998).[2]  28 U.S.C. § 2244(d) provides:

8              "(1)   A 1-year period of limitation shall apply to an application

9         for a writ of habeas corpus by a person in custody pursuant to the

10        judgment of a State court.  The limitation period shall run from the latest

11        of--

12                  (A)    the date on which the judgment became final by

13             conclusion of direct review or the expiration of the time for

14             seeking such review;

15                  (B)    the date on which the impediment to filing an

16             application created by State action in violation of the Constitution

17             or laws of the United States is removed, if the applicant was

18             prevented from filing by such State action;

19                  (C)    the date on which the constitutional right asserted

20             was initially recognized by the Supreme Court, if the right has

21             been newly recognized by the Supreme Court and made

22             retroactively applicable to cases on collateral review; or

23                  (D)    the date on which the factual predicate of the claim

24             or claims presented could have been discovered through the

25

26    _____

27        [2]    Beeler was overruled on other grounds in Calderon v. United States
      District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526

28    U.S. 1060 (1999).

                                          2

1    exercise of due diligence."

2

3    Here, pursuant to <u>Porter v. Ollison</u>, 620 F.3d 952, 954-55 (9th Cir. 2010)

4    (noting that it is proper to take judicial notice of "any state court dockets or pleadings

5    that have been located (including on the Internet)"), the Court takes judicial notice

6    from the California Appellate Courts website that petitioner's direct appeal was

7    dismissed at appointed appellate counsel's request on December 9, 2011.  Under Cal.

8    R. Ct. 8.264(b)(2)(E), the dismissal became final on that date.  Thus, for purposes of

9    28 U.S.C. § 2244(d)(1)(A), petitioner's judgment of conviction "became final by

10   conclusion of direct review or the expiration of the time for seeking such review" on

11   December 9, 2011.

12   Petitioner has made no contention that she was impeded from filing her federal

13   petition by unconstitutional state action and thereby entitled to a later trigger date

14   under § 2244(d)(1)(B).  Moreover, the fact that California law did not provide the

15   legal basis for petitioner's sentencing error claims until <u>People v. Vargas</u> was decided

16   in 2014 does not constitute a state-created impediment for purposes of entitling

17   petitioner to a later trigger date under § 2244(d)(1)(B).  <u>See</u> <u>Shannon v. Newland</u>, 410

18   F.3d 1083, 1087-88 (9th Cir. 2005).

19   Moreover, petitioner has no basis for contending that she is entitled to a later

20   trigger date under § 2244(d)(1)(C) with respect to either of her claims because the

21   claim is based on a federal constitutional right that was initially recognized by the

22   United States Supreme Court subsequent to the date her conviction became final and

23   that has been made retroactively applicable to cases on collateral review.

24   Finally, for purposes of § 2244(d)(1)(D), the statute of limitations begins to run

25   when a prisoner "knows (or through diligence could discover) the important facts, not

26   when the prisoner recognizes their legal significance."  <u>See</u> <u>Hasan v. Galaza</u>, 254 F.3d

27   1150, 1154 n.3 (9th Cir. 2001).  Here, neither of petitioner's claims purports to be

28   based on facts of which petitioner was unaware or which could not have been

3

1   discovered through the exercise of due diligence prior to December 9, 2011, the date

2   her judgment of conviction became final.  Indeed, petitioner was aware as of her

3   sentencing date what her sentence was and how it was computed.  Accordingly,

4   petitioner has no basis for contending that she is entitled to a later trigger date under

5   § 2244(d)(1)(D).  See also Shannon, 410 F.3d at 1088 (rejecting contention that new

6   California Supreme Court decision clarifying the law triggered a new one-year statute

7   of limitations under § 2244(d)(1)(D)).

8       Accordingly, unless a basis for tolling the statute existed, petitioner's last day

9   to file her federal habeas petition was December 9, 2012.  See Patterson v. Stewart,

10  251 F.3d 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

11      28 U.S.C. § 2244(d)(2) provides:

12      "The time during which a properly filed application for State post-

13      conviction or other collateral review with respect to the pertinent

14      judgment or claim is pending shall not be counted toward any period of

15      limitation under this subsection."

16

17      In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), cert. denied, 529 U.S. 1104

18  (2000), the Ninth Circuit construed the foregoing tolling provision with reference to

19  California's post-conviction procedures.  The Ninth Circuit held that "the statute of

20  limitations is tolled from the time the first state habeas petition is filed until the

21  California Supreme Court rejects the petitioner's final collateral challenge." See id.

22  at 1006.  Accord, Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed.

23  2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's

24  application for collateral review remains "pending" during the intervals between the

25  time a lower state court denies the application and the time the petitioner files a

26  further petition in a higher state court).  However, the statute of limitations is not

27  tolled during the interval between the date on which the judgment of conviction

28  became final and the filing of the petitioner's first collateral challenge. See Nino, 183

4

1  F.3d at 1006.

2       Here, although petitioner checked off the "no" box in ¶ 6 of the Petition, in
3  response to the question asking whether she previously had filed any habeas petitions
4  in any state court with respect to this judgment of conviction, it appears from the
5  California Appellate Courts website, the Los Angeles County Superior Court website,
6  and the attachments to the Memorandum of Points and Authorities accompanying the
7  Petition that petitioner did raise her sentencing error claims based on People v.
8  Vargas in habeas petitions filed in turn in the Superior Court, the California Court of
9  Appeal, and the California Supreme Court.  It further appears from the Los Angeles
10  County Superior Court website that petitioner filed her Superior Court habeas petition
11  on December 10, 2014.  By then, the limitation period already had run 2 years earlier
12  and could not be reinitiated.  See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th
13  Cir.) (holding that § 2244(d) "does not permit the reinitiation of the limitations period
14  that has ended before the state petition was filed," even if the state petition was timely
15  filed), cert. denied, 540 U.S. 924 (2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.
16  2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534
17  U.S. 1143 (2002).

18       In Holland v. Florida, - U.S. -, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130
19  (2010), the Supreme Court held that the AEDPA's one-year limitation period also is
20  subject to equitable tolling in appropriate cases.  However, in order to be entitled to
21  equitable tolling, the petitioner must show both that (1) he has been pursuing his
22  rights diligently, and (2) some extraordinary circumstance stood in his way and
23  prevented his timely filing.  See Holland, 130 S. Ct. at 2562 (quoting Pace, 544 U.S.
24  at 418).  The Ninth Circuit has held that the Pace standard is consistent with the Ninth
25  Circuit's "sparing application of the doctrine of equitable tolling."  See Waldron-
26  Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.), cert. denied, 130 S. Ct. 244
27  (2009).  Thus, "[t]he petitioner must show that 'the extraordinary circumstances were
28  the cause of his untimeliness and that the extraordinary circumstances made it

impossible to file a petition on time.'" Porter, 620 F.3d at 959 (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002). Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); see also Waldron-Ramsey, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'").

Here, the Court notes that, in her Motion for Appointment of Counsel filed concurrently with the Petition, petitioner contends that he "has no legal training and limited opportunities to educate herself in general," and that she "is unable to write legal argument, or to research and identify the legal authority relevant to [her] claims." However, none of these circumstances constitutes an "extraordinary circumstance" entitling petitioner to any equitable tolling of the limitation period. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the AEDPA limitations period); Gazzeny v. Yates, 2009 WL 294199, at *6 (C.D. Cal. Feb. 4, 2009) (noting that "[a] prisoner's illiteracy or ignorance of the law do not constitute extraordinary circumstances" for purposes of tolling of the AEDPA statute of limitations); Ekenberg v. Lewis, 1999 WL 13720, at *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances."); Bolds v. Newland, 1997 WL 732529, at *2 (N.D. Cal. Nov. 12, 1997) ("Ignorance of the law and lack of legal assistance do not constitute such

1  extraordinary circumstances.").

2  The Court further notes that, in <u>Shannon</u>, 410 F.3d at 1089-90, the Ninth

3  Circuit rejected the argument that the petitioner was entitled to equitable tolling

4  between the date his judgment of conviction became final and the date the California

5  Supreme Court rendered the decision clarifying state law upon which he was relying.

6  It thus appears to the Court that, when the Petition herein was constructively

7  filed on or about April 16, 2015, it was untimely by over two years and four months.

8  The Ninth Circuit has held that the district court has the authority to raise the

9  statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the

10  Petition and to summarily dismiss a habeas petition on that ground pursuant to Rule

11  4 of the Rules Governing Section 2254 Cases in the United States District Courts, so

12  long as the Court "provides the petitioner with adequate notice and an opportunity to

13  respond." <u>See</u> <u>Nardi v. Stewart</u>, 354 F.3d 1134, 1141 (9th Cir. 2004); <u>Herbst v. Cook</u>,

14  260 F.3d 1039, 1042-43 (9th Cir. 2001).

15  IT THEREFORE IS ORDERED that, on or before **May 29, 2015**, petitioner

16  show cause in writing, if any she has, why the Court should not recommend that this

17  action be dismissed with prejudice on the ground of untimeliness.

18

19  DATED:  April 24, 2015

20

21                                              _____

22                                              ROBERT N. BLOCK
                                                UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28